```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


CHARYCE POMPETTI,                  :
                                   :
                                   :
                                   :
        Plaintiff,                 :   CIVIL ACTION
                                   :
     v.                            :
                                   :
                                   :   NO. 2:16-cv-01313-JCJ
ROYAL FARMS CO., individually      :
and t/a ROYAL FARMS,               :
                                   :
        Defendant.                 :
                                   :
```

## MEMORANDUM AND ORDER

**JOYNER, J.**                                     **June 23, 2016**

Before this Court are Plaintiff's Motion to Remand to the Commonwealth of Pennsylvania, Court of Common Pleas, Philadelphia County (Doc. No. 3) and Defendant's Response in Opposition to Plaintiff's Motion to Remand (Doc. No. 4). Because we find Defendant's filing of its Notice of Removal untimely and its legal theory unsubstantiated by the law and the facts of this case, Plaintiff's Motion to Remand shall be granted.

### Factual and Procedural Background

On October 7, 2013, Plaintiff Charyce Pompetti, a citizen of Delaware, slipped and fell on wet tile inside Defendant Royal Farms, Co.'s ("Royal Farms") retail location at 16979 Beach

1

Highway in Ellendale, Delaware. Compl. ¶¶1,4. Royal Farms is a business incorporated under the laws of the state of Maryland and a citizen thereof. Compl. ¶2. After suffering injuries from her fall and expending a large sum of money for medical treatment, Plaintiff filed a complaint in the Court of Common Pleas of Philadelphia County on June 11, 2015. Compl. ¶¶6, 9-11; Doc. No. 3, ¶1. The complaint requested damages in excess of $50,000. Compl. ¶12. Plaintiff died on or around October 6, 2015[1]. Doc. No. 1 at 14 of 23. In a Case Management Conference Memorandum filed on November 3, 2015, Plaintiff's attorney increased the decedent's requested damages to $125,000. Id. at 12 of 23. Plaintiff's daughter, Danielle Panarello, was appointed by the state of Delaware to be the administratrix of her mother's estate on December 7, 2015 and both a Praecipe for Suggestion of Death and a Praecipe for Substitution of Parties were filed with the prothonotary on December 22, 2015. Id. at 14-15 of 23.

Royal Farms filed a notice to remove this case to federal court on March 21, 2016. (Doc. No. 1). Plaintiff filed this Motion to Remand on April 7, 2016. (Doc. No. 3). Plaintiff also requests payment of reasonable counsel fees in the amount of $1,000. Id. ¶23. Defendant filed its Response in Opposition to the Motion on April 11, 2016. (Doc. No. 4).

---

[1] Plaintiff's Praecipe for Suggestion of Death notes her date of death as October 6th while Plaintiff's Motion to Remand notes that date as October 7th of the same year. This discrepancy is irrelevant for the purposes of deciding this motion.

**Discussion**

Plaintiff moves to remand this case to state court and she requests reasonable counsel fees in the amount of $1,000. We will address each in turn.

I. Defendant's Untimely Removal

28 U.S.C. §1447 addresses the procedure for remanding civil actions to state court and provides in relevant part:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).

28 U.S.C. §1447(c).

A defendant who wishes to remove a case to federal court must generally file a notice of removal within thirty days after receiving a copy of the complaint. 28 U.S.C. §1446(b). If a case is not originally removable, "a defendant who receives a pleading or other paper indicating the postcommencement satisfaction of federal jurisdictional requirements—for example, by reason of the dismissal of a nondiverse party—may remove the case to federal court within 30 days of receiving such information." Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996)(citing 28 U.S.C. §1446(b)). Civil actions between citizens of different states where the amount in controversy exceeds $75,000 are within the jurisdiction of federal district courts. 28 U.S.C. §1332(a)(1).

It has long been held that these statutory procedures are "to be strictly construed against removal and all doubts should be resolved in favor of remand." <u>Steel Valley Auth. v. Union Switch & Signal Div.</u>, 809 F.2d 1006, 1010 (3d Cir. 1987)(citation omitted); <u>see also</u> <u>Boyer v. Snap-On Tools Corp.</u>, 913 F.2d 108, 111 (3d Cir. 1990). When a party moves to remand a case to state court, the burden to show that removal is proper is on the non-moving party. <u>Steel Valley</u>, 809 F.2d at 1010; <u>Samuel-Bassett v. KIA Motors of Am., Inc.</u>, 357 F.3d 392, 396 (3d Cir. 2004)("The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court."). A district court must take the facts of the complaint as true. <u>Steel Valley</u>, 809 F.2d at 1010.

Plaintiff here moves to remand on the basis of a procedural defect, Defendant's untimely removal. Plaintiff argues that Defendant's Notice of Removal was untimely because it was filed nine and a half (9 ½) months after this action commenced in state court and forty-five (45) days after Defendant ascertained the information it claims to have needed for removal. Defendant argues that its removal was timely for two reasons. First, Defendant did not believe Plaintiff was requesting damages that met the federal jurisdictional amount when the complaint was filed. Second, Defendant argues that it could not have known the parties were diverse until February 22, 2016 because it had not

4

received necessary information (Plaintiff's administratrix's residential address) until then. Thus, its thirty-day period to file for removal did not begin to run until that day. We will address each argument in turn.

In cases that are not removable "as stated by the initial pleading[,]" 28 U.S.C. §1446(b)(3) allows a party to file a removal petition within thirty days after "ascertain[ing] that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3). Defendant argues that this case became removable pursuant to §1446(b)(3) when it received a confirmation of Plaintiff's administratrix's residency on February 22nd. Because they filed a Notice of Removal on March 21st, they argue that Notice was timely. 28 U.S.C. §1332(c)(2) provides that "the legal representative of the estate of a decedent shall be deemed a citizen only of the same state as the decedent[.]" The Defendant, in its response to Plaintiff's motion, cited outdated cases that have been superceded by Congress's 1988 amendment to the federal diversity statute. See, Judicial Improvement and Access to Justice Act of 1988, Pub. L. 100-702, Title II §202(a), 102 Stat. 4642 (1988)(codified at 28 U.S.C. §1332(c)(2)). The Third Circuit has recognized the change in the diversity statute. See McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006).

We agree with Plaintiff that the meaning of 28 U.S.C. §1332(c)(2) is clear and that Defendant knew or reasonably should

have known Plaintiff's administratrix's citizenship for diversity purposes. We find, therefore, that removal was untimely. Accordingly, we grant Plaintiff's Motion to Remand.[2]

II. Payment of Reasonable Counsel Fees

Plaintiff requests an award of $1,000 in reasonable counsel fees due to Defendant's improvident and untimely removal. A district court is authorized to impose attorney fees and other costs when a plaintiff prevails on a Motion to Remand. 28 U.S.C. §1447(c).

"The standard for awarding fees [under §1447(c)] should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. This standard "recognize[s] the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id. at 140.

---

[2] Defendant's assertion in the Notice of Removal that it wrongly estimated the value of Plaintiff's initial damages request is irrelevant because Defendant had thirty days to remove after confirming the amount, and thus ascertaining the case's removability, on November 3, 2015, but did not do so until March 21, 2016.

The Third Circuit has approved a district court's broad discretion in determining whether to require the payment of fees under §1447(c). <u>Mints v. Educ. Testing Serv.</u>, 99 F.3d 1253, 1260 (3d Cir. 1996).

This Court recently found that an award of reasonable fees was appropriate where there was no "colorable basis" for removal. <u>Palmer v. Kraft Foods Glob., Inc.</u>, Civ. A. No. 13-6260, 2014 WL 1924116, at *2 (E.D. Pa. May 14, 2014)(internal quotation and citation omitted). In that case, the Court deemed it "self-evident" that removal notice was untimely when it was filed more than a year after the suit commenced and nearly eight months after plaintiff filed her Amended Complaint. <u>Id.</u> In another case, fees were appropriate where there was "no question that there was complete diversity between Plaintiffs and Defendants in this matter from its inception." <u>Eyal Lior v. Sit</u>, 913 F.Supp. 868, 878 (D.N.J. 1996). Further, the court noted that a nominal defendant's citizenship "is disregarded for diversity purposes." <u>Id.</u>

Here, Plaintiff identified both Defendant's untimeliness and its failure to account for a statute that requires the citizenship of a decedent to be the test for diversity in cases where the legal representative of that decedent is substituted as a party. Defendant acknowledged this statute but offered reasons why its removal was nonetheless timely. We find these reasons

unsupported and the untimeliness of Defendant's removal procedure objectively unreasonable. Therefore, we award Plaintiff $1,000 in attorney fees.

## Conclusion

For the reasons stated above, we grant Plaintiff's Motion to Remand to the Court of Common Pleas of Philadelphia County. The Court will also grant Plaintiff's motion for attorney fees. An Order follows.